IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FRANK ROMERO**, <br><br> Petitioner, <br><br> v. <br><br> **E. REYES**, <br><br> Respondent. | Case No. 2:22-cv-00675-JR <br><br> **ORDER** |

Nell Brown, Lisa Hay, and Julie Pitt Vandiver, Office of the Federal Public Defender, 101 SW Main St., Ste. 1700, Portland, OR 97204. Attorney for Petitioner.

James M. Aaron, Kristen E. Boyd, and Ellen F. Rosenblum, Oregon Department of Justice, 1162 Court St. NE, Salem, OR 97301. Attorneys for Respondent.

**IMMERGUT, District Judge.**

      On August 13, 2024, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F&R), ECF 46, recommending that this Petitioner's Writ of Habeas Corpus should be denied and that a certificate of appealability should be denied. Petitioner filed Objections to the F&R, ECF 48, and Respondent filed a Response to Objections, ECF 49. This Court has reviewed de novo the portions of the F&R to which Petitioner objected. For the

PAGE 1 – ORDER

following reasons, this Court adopts Judge Russo's F&R, DENIES the Petition for Writ of Habeas Corpus, ECF 2, and DENIES a certificate of appealability.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Petitioner makes two objections to the F&R. First, Petitioner objects to the F&R's finding that he did not establish prejudice under the *Strickland* standard for ineffective assistance of counsel. Objections, ECF 48 at 2-4. Second, Petitioner objects to the F&R's determination that this Court should decline to issue a certificate of appealability. *Id.* at 4.

Judge Russo found that Petitioner has not shown that he is entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel. F&R, ECF 46 at 13. Petitioner argued that his trial counsel was ineffective in two ways. First, Petitioner argues his trial counsel was ineffective in failing to call a gang expert, who would have testified that the murder of which Petitioner was convicted did not follow normal gang practices. Objections, ECF 48 at 2-3.

Second, Petitioner claimed that his trial counsel was ineffective in failing to argue for lesser included offenses in closing argument. *Id.* at 3-4.

To succeed on a claim of ineffective assistance, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that this performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The state post-conviction review (PCR) court found that Petitioner's counsel was ineffective in failing to call a gang expert at trial. Judgment Denying Post-Conviction Relief ("Judgment"), ECF 19-1 at 249, Ex. 135. But the PCR court determined that, given only some of the expert's testimony would be admissible and in light of the "ample evidence" showing Petitioner was responsible for the murder, Petitioner had not established that the failure to call the gang expert prejudiced his defense. *Id.* at 249-50. Judge Russo found that the PCR court's decision was well-supported by the record and correctly applied the *Strickland* standard. F&R, ECF 46 at 10; *see Harrington v. Richter*, 562 U.S. 86, 104 (2011) (explaining that, to prevail on an ineffective assistance of counsel claim under 28 U.S.C. § 2254(d), the petitioner must show that the state court unreasonably applied clearly established law under *Strickland* or unreasonably determined the facts in light of the record before the court). This Court agrees with Judge Russo that the PCR court reasonably found that the result of the proceeding would not have been different had Petitioner's counsel called a gang expert to testify at trial.

The state post-conviction review court likewise addressed Petitioner's second basis for claiming ineffective assistance of counsel: that trial counsel was ineffective in not arguing for lesser included offenses during closing arguments. Judgment, ECF 19-1 at 251-52, Ex. 135. The PCR court noted that trial counsel did request instructions on these offenses, but made a strategic decision to argue for acquittal rather than conviction on a lesser included offense, which was

"consistent with the strategy agreed to by Petitioner and pursued by the attorneys." *Id.* This Court agrees with Judge Russo that the PCR court reasonably determined that trial counsel's strategy in closing argument was a reasonable, tactical decision under the circumstances. Petitioner therefore is not entitled to habeas corpus relief on this claim.

This Court agrees with Judge Russo that Petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and therefore declines to issue a certificate of appealability.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Petitioner objected. For the reasons described above, this court ADOPTS the F&R, ECF 46. The Petition for Writ of Habeas Corpus is DENIED, a certificate of appealability is DENIED, and this action is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 12th day of September, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge